# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| ALMA RAMOS MARQUEZ, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | CR-12-233-R |
| | ) | CIV-16-1000-R |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## ORDER

Alma Ramos Marquez, federal inmate proceeding *pro se*, filed this motion to vacate, set aside or correct the sentence, pursuant to 28 U.S.C. § 2255. Upon review of the motion and Court records, however, the Court concludes the § 2255 motion must construed as a motion for reduction of sentence under 18 U.S.C. § 3582, and dismissed.

Marquez pled guilty in this court to one count of conspiring to possess with the intent to distribute and to distribute more than 100 pounds of methamphetamine. For this offense, on March 23, 2013, the Court sentenced her to 144 months in prison. Marquez attempted to appeal, but her appeal was dismissed as untimely. Doc. No. 156. On October 31, 2014, Marquez filed a Motion for Reduction of Sentence under 18 U.S.C. § 3582(c)(2) and Amendment 782 of the United States Sentencing Guidelines, which the Court denied on January 29, 2016. Doc. No. 167. Marquez appealed the denial, which was affirmed by the Tenth Circuit. Doc. No. 177. On March 7, 2016, while her appeal was pending on her first motion under § 3582(c)(2), Marquez filed a second motion, again citing Amendment 782. Doc. No. 174. The motion was denied by the Court on April 18, 2016. Doc. No. 175.

Marquez has now filed a § 2255 motion, requesting a reduction in her sentence based on her minor role in the conspiracy. Specifically, she argues that she is entitled to a minor role reduction based on new guidelines declared in Amendment 794 to the advisory federal sentencing guidelines manual, citing the recent decision of the Ninth Circuit in *United States v. Quintero-Leyva*, 823 F.3d 519 (9th Cir. 2016) (applying Amendment 794 retroactively on direct appeal to defendant who had argued at sentencing, prior to the amendment, for minor role reduction).

The Court first notes that although Ms Marquez purports to rely on § 2255, her reliance is misguided. A viable § 2255 claim must be be based on a lack of jurisdiction, constitutional error, fundamental defects resulting in "a complete miscarriage of justice," or "a proceeding inconsistent with the rudimentary demands of fair procedure." *United States v. Timmreck*, 441 U.S. 780, 783-84 (1979)(citations and quotations omitted). Instead, Ms. Marquez is arguing to receive the retroactive benefit of an amendment that issued after she was sentenced. This type of claim must be brought as a motion under 18 U.S.C. § 3582, not as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 381–82 (2003) ("Federal courts sometimes will ignore the legal label that a pro se litigant attaches to a motion and recharacterize the motion in order to place it within a different legal category.... They may do so in order to avoid an unnecessary dismissal, ... to avoid inappropriately stringent application of formal labeling requirements, ... or to create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis."); *see also United States v. Henriquez–Serrano*, No. 09–3003, 2009 WL 1228248, at *1 (10th Cir. May 6,

2009) (construing pro se motion labeled as § 2255 petition as a motion to reduce sentence under § 3582). Therefore, the court will construe her § 2255 motion as a motion for reduction pursuant to § 3582.

Furthermore, Ms. Marquez is not entitled to relief under § 3582. Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B 1.10 of the Sentencing Guidelines. Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guideline amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B 1.10(a)(2)(B). Amendment 794 amended § 3B1.2 of the United States Sentencing Guidelines ("USSG") took effect on November 1, 2015, after Ms. Marquez's conviction became final. *See id.* at 521. In general, the court is required to use the guidelines manual in effect on the date a defendant is sentenced. *See Dorsey v. United States*, ___ U.S. ____, 132 S.Ct. 2321, 2332 (2012); U.S.S.G. § 1B1.11(a) (requiring use of "the Guidelines Manual in effect on the date that the defendant is sentenced"). The United States Sentencing Commission may, however, specify amendments that are retroactive to all cases, including those on collateral review. See USSG. § 1B1.10(d) (2015) (listing retroactive guideline amendments). Section 1B1.10, which lists all Guidelines amendments that the Sentencing Commission has made retroactively applicable to defendants on collateral review, does not

include Amendment 794. Accordingly, Ms. Marquez's request for § 2255 relief, construed as a motion for reduction under § 3582(c)(2) pursuant to Amendment 794 has no legal validity and must be dismissed. *See United States v. White*, 765 F.3d 1240, 1250 (10th Cir. 2014).

    IT IS SO ORDERED this 7th day of September, 2016.

*signature*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE