# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-12-233-R |
| | ) | CIV-18-765-R |
| ALMA RAMOS MARQUEZ, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed by Defendant Marquez. In accordance with its obligation under Rule 4(b) of the Rules Governing § 2255 Proceedings, the Court has promptly examined the motion and orders as follows.

In her § 2255 motion Defendant raises four claims regarding her 2013 conviction and sentence for conspiracy to possess with intent to distribute and to distribute methamphetamine in violation of 21 U.S.C. § 846. Her motion asserts ineffective assistance of counsel claims, as well as a claim for the alleged violation of her Fourth Amendment rights under *Carpenter v. United States*. She additionally contends that pursuant to *Sessions v. DiMaya*, 138 S. Ct. 1204 (2018), she is not subject to deportation.

Section 2255 imposes a one-year statute of limitations for federal prisoners to bring their motion. The limitation period shall run from the latest of–

    (1)    the date on which the judgment of conviction becomes final;

    (2)    the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws

>     of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In most cases, the operative date for measuring the limitation period is set forth in subsection 1, "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). If this date applies, the motion is clearly untimely, Defendant's conviction having become final in 2013, more than five years before this motion was filed. Defendant's motion anticipates this issue and indicates she is relying upon subsection 3 of § 2255(f) to trigger the limitation period.[1] Defendant asserts she is entitled to relief in part premised on the Supreme Court's decision in *Carpenter v. United States*, No. 16-402, --- U.S. ---, 138 S.Ct. 2206 (2018). Although *Carpenter* announced a new rule of law, the Supreme Court did not make the case retroactively applicable to cases on collateral review, which is necessary before Defendant may rely on § 2255(f)(3). *See United States v. Williams*, 2018 WL 3659585, *1 (E.D. Mich. August. 2, 2018) ("*Carpenter* creates new law that, going forward, will require investigators to have probable cause to obtain CSLI").

---

[1] It is possible that Defendant believes her ineffective assistance of counsel claims are timely pursuant to subsection (4), however, the motion does not include the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. If this is indeed the basis for Defendant's timeliness arguments she should address this in her response to this Order.

Defendant alternatively argues that *DiMaya* restarts the timelime for § 2255 purposes. The Court concludes, however, that *DiMaya* is inapplicable herein, because the Court did not order Defendant's deportation nor did any aspect of her case rely on 28 U.S.C. § 16 or the residual clause contained therein. Thus, Defendant cannot rely on § 2255(f)(3). It appears her motion was not filed within the one-year statute of limitations period and therefore appears to be untimely, unless Defendant is entitled to equitable tolling of the statute of limitations. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000)(equitable tolling is only available when an inmate diligently pursues her claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond her control).

Based upon the foregoing, defendant's § 2255 motion appears to be untimely and subject to dismissal with prejudice. District courts are "permitted, but not obliged" to review, *sua sponte*, a federal prisoner's § 2255 motion to determine whether it has been timely filed. Pursuant to Tenth Circuit authority, the district court may raise a procedural bar on its own motion. *United States v. DeClerck*, Case No. 07-3136, 252 Fed. Appx. 220, 224, 2007 WL 3104596 *4 (10th Cir. Oct. 24, 2007)(citing *Hardiman v. Reynolds*, 971 F.2d 500 (10th Cir. 1992) and *Hines v. United States*, 971 F.2d 506 (10th Cir. 1992)). If, however, the district court acts on its own, it must "accord the parties fair notice and an opportunity to present their positions." *Day v. McDonough*, 547 U.S. 198, 209 (2006). The Court therefore shall permit defendant to file a response within 30 days showing cause why her § 2255 motion should not be dismissed as time-barred. With her response, Defendant should include any equitable tolling arguments she believes warrant

3

consideration by the Court. If Defendant submits a response, the Court will examine the same and order a reply from the Government if necessary.

Defendant shall file her response not later than September 12, 2018. She may provide any declaration, notarized statement or other evidence supporting her position. Failure to respond by September 12, 2018 may result in dismissal of the motion without further notice.

IT IS SO ORDERED this 13th day of August 2018.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE